UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA SHANE,

        Plaintiff,        No. 12-10696

vs.        Hon. Gerald E. Rosen

ACCOR NORTH AMERICA, INC.,
d/b/a MOTEL 6, OPERATING LP #1069,

        Defendant.
_____/

### ORDER DENYING DEFENDANT ACCOR'S (SECOND) MOTION TO COMPEL DISCOVERY AND MODIFY SCHEDULING ORDER

      This matter is presently before the Court on Defendant Accor's November 21, 2012 Motion to Compel Discovery and Modify Scheduling Order. This is the second such motion that Defendant Accor has filed in this case. On August 20, 2012, the Court entered an Order granting Defendant's first motion to compel discovery and modify scheduling order. In the instant Motion, Defendant states that it served Plaintiff with its Third Set of Interrogatories and Document Requests on August 24, 2012 but as of the date on which Defendant filed the present Motion (November 21, 2012), Plaintiff had not provided her answers. Defendant also states that it submitted to Plaintiff's counsel a new medical release authorization for the production of Plaintiff's DMC medical records[1]

---

[1] Plaintiff's medical release authorizations were the subject of Defendant's first motion to compel and modify scheduling order deadlines. The Order granting

1

on October 10, 2012, but that as of the date Defendant filed the Motion to Compel, no signed authorization was provided.

The Scheduling Order entered by the Court in this matter on May 1, 2012 provides that any discovery motions must be filed within 14 days of the date that requested discovery was due. [*See* Scheduling Order, ¶ 2A.] The August 20, 2012 Order granting Defendant's (first) motion to compel and to modify the Scheduling Order expressly states that, other than the modification of deadlines, "[i]n all other respects, the provisions of the May 1, 2012 Scheduling Order remain in full force and effect." *See* 8/20/12 Order, Dkt. # 16, p. 2.

Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff's Answers to Defendant's Third Set of Interrogatories and Document Requests were due on September 24, 2012 (i.e., 30 days after being served with the discovery requests, *see* Rule 33(b)(2); Rule 34(b)(2)(A)). Pursuant to the Court's August 20, 2012 Order and Fed. R. Civ. P. 6(a), Plaintiff's signed authorizations were due on October 22, 2012 (i.e., 10 days after they were served). Thus, pursuant to the provisions of the May 1, 2012 Scheduling Order, Defendant had until October 11, 2012 to move to compel Plaintiff's answers to the interrogatories and document requests, and until November 8, 2012 to move to compel Plaintiff to provide a signed authorization for the release of her DMC medical records.

The instant Motion to Compel, however, was not filed until November 21, 2012,

---

Defendant's motion gave Plaintiff 10 days to provide her signed authorizations. *See* 8/20/12 Order, Dkt. # 16, p. 1.

i.e., well beyond the 14 days allowed under the May 1, 2012 Scheduling Order with regard to both the interrogatories and the medical release authorization. Defendant has not demonstrated good cause for failing to comply with the provisions of the Court's Order.

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's November 21, 2012 Motion to Compel Discovery and Modify Scheduling Order **[Dkt. # 21]** is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: November 27, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 27, 2012, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager

3