UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA SHANE,

            Plaintiff,         Case No. 12-10696
                                       Honorable Gerald E. Rosen
v.                                  Magistrate Judge David R. Grand

ACCOR NORTH AMERICA, INC.
d/b/a MOTEL 6, OPERATING LP #1069,

            Defendant.
_____/

**ORDER GRANTING DEFENDANT ACCOR NORTH AMERICA, INC.'S
MOTION TO ENFORCE SUBPOENA AND FOR AN ORDER OF CONTEMPT AND
DENYING, WITHOUT PREJUDICE, REQUEST FOR MONETARY SANCTION [28]**

      This is a personal injury case brought by Plaintiff, Rhonda Shane, against Defendant Accor North America, Inc. On January 21, 2013, Defendant served a third-party subpoena on one of the physician practices that provided medical care to Plaintiff, Advanced Care Medical Center, P.C. ("Advanced Care"), seeking a copy of her medical records (the "Subpoena"). Doc. #28-2 at 6-7. Plaintiff has consented to the production of these records by Advanced Care. Doc. #28-1. Despite being served with this Subpoena, Advanced Care failed to respond to it.

      In turn, Defendant filed the instant Motion to Enforce Subpoena and for an Order of Contempt against Advanced Care, which was referred to this court for a hearing and determination pursuant to 28 U.S.C. §636(b)(1)(A). Doc. #28. This court held oral argument on Defendant's motion on April 8, 2013. Counsel for Defendant appeared, while Advanced Care did not appear at the hearing.

      Fed. R. Civ. P. 45(e) provides that an "issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." The court finds this Rule to be applicable here. As was noted during the hearing, Advanced Care was served with a

valid third-party Subpoena, yet failed to respond to it. This was a clear violation of Advanced Care's obligations under Rule 45. The court also notes that Advanced Care appears to have received actual notice of Defendant's instant motion. At the hearing, Defendant's counsel showed the court color photographs of the front entry to Advanced Care's office. The photographs clearly showed that a copy of Defendant's motion was lying on the floor inside the business. However, Advanced Care filed no opposition to Defendant's instant motion and did not appear at the motion hearing. Thus, the only conclusion the court can reach is that Advanced Care has failed, without good cause, to properly respond to the Subpoena.

Accordingly, for the reasons stated above and on the record during the hearing,

**IT IS HEREBY ORDERED** that Defendant's motion [28] is granted, and that **ADVANCED CARE MEDICAL CENTER, P.C. IS IN CONTEMPT** for failing to respond to Defendant's Subpoena.

**IT IS FURTHER ORDERED** that Advanced Care Medical Center, P.C. shall, within ten (10) days of the entry of this Order, produce to Dickinson Wright PLLC all medical information involving the treatment of Rhonda K. Shane as set forth in Defendant's Subpoena.

Defendant's request for a monetary sanction is **DENIED** without prejudice at this time. However, should Advanced Medical Center, P.C. fail to comply with this Order, the court would invite a renewed motion for monetary sanctions by Defendant, including for the expense Defendant incurred related to these matters to this date. Should such a renewed motion become necessary, Defendant shall submit documentation supporting the amount of sanctions it requests.

Defendant shall make a good faith attempt to advise Advanced Care Medical Center, P.C. of this Order and to provide it with a copy of same within two days of today's date.

**SO ORDERED.**

| | |
|---|---|
| Dated: April 8, 2013 | s/David R. Grand |
| Ann Arbor, Michigan | DAVID R. GRAND |
| | United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 8, 2013.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager